**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-30436
Summary Calendar
_____


EARL J. TRAHAN and GEORGETTE TRAHAN,

Plaintiffs-Appellants,


VERSUS

BELLSOUTH TELECOMMUNICATIONS, INC.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-107)
_____

November 3, 1995

Before KING, GARWOOD, and SMITH, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]


Earl and Georgette Trahan appeal a summary judgment in favor

of BellSouth Telecommunications, Inc. ("BellSouth").  We affirm.


I.

Earl Trahan began working for BellSouth in 1972.  He is also

[*]Local Rule 47.5.1 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession."  Pursuant to that rule, the court has determined that this opinion should not be published.

the owner of a trucking business.  In 1991, BellSouth security personnel received several complaints that Trahan was conducting his trucking business on company time.  BellSouth began an investigation into the complaints, which culminated on June 2, 1992, with an intensive interview of Trahan.

The following day, Trahan reported out sick, claiming he was suffering from severe depression caused by the interview; he never returned to work.  Trahan received disability benefits until August 28, 1992, when BellSouth determined that he was no longer qualified for benefits because he was not totally unable to work.  On November 13, 1992, BellSouth terminated Trahan for failure to return to work without adequate proof of total disability.

Trahan filed this claim in state court, alleging wrongful discharge, wrongful denial of benefits, defamation, false imprisonment, and intentional infliction of emotional distress.  BellSouth removed the case to federal court.  In a series of rulings, the district court granted summary judgment for BellSouth on each of the claims.

II.

Trahan's first objection is that the district court incorrectly found his wrongful discharge claim preempted by § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185, which preempts state law claims that are "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract."  Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220

2

(1985). The district court found that Trahan's wrongful discharge claim depended upon analysis of the collective bargaining agreement ("CBA") between BellSouth and the Communications Workers of America.

We agree that the wrongful discharge claim falls within the scope of § 301 preemption. But for the CBA, Trahan would have no claim for wrongful discharge, because Louisiana law makes employees terminable-at-will. Gilbert v. Tulane Univ., 909 F.2d 124, 126 (5th Cir. 1990) (declaring employees terminable-at-will under Louisiana law); Mix v. University of New Orleans, 609 So. 2d 958, 961 (La. App. 4th Cir. 1992) (holding that plaintiff cannot maintain wrongful discharge claim without contractual exception to employment-at-will doctrine), writ denied, 612 So. 2d 83 (1993). The CBA creates an exception to the employment-at-will doctrine by providing that when "an employee is suspended or discharged, a charge that the suspension or discharge was without just cause shall be handled in accordance with the following [grievance procedure] . . . ." Trahan's wrongful discharge claim is therefore dependent upon analysis of the CBA's "without just cause" provision and is preempted by § 301.

Trahan argues that preemption is inappropriate because his claim raises only factual questions. He cites several cases for the proposition that purely factual disputes that do not require interpretation of a CBA are not preempted. See Hawaiian Airlines v. Norris, 114 S. Ct. 2239 (1994); Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988); Hirras v. Nat'l R.R. Passenger

<u>Corp.</u>, 44 F.3d 278 (5th Cir. 1995). Trahan fails to note, however, that all of those cases involved factual disputes about state-law claims that existed independently of the CBA. <u>See</u> <u>Hawaiian Airlines</u>, 114 S. Ct. at 2248 (state-law retaliatory discharge claim); <u>Lingle</u>, 486 U.S. at 406 (state-law claim for retaliatory discharge for filing worker's compensation claim); <u>Hirras</u>, 44 F.3d at 283 (state-law harassment claim). They do not create an exception to the requirement that a plaintiff must have an independent state-law claim. In fact, the <u>Hawaiian Airlines</u> Court noted that when "the employee's claim [is] firmly rooted in a breach of the CBA itself," preemption is proper. 114 S. Ct. at 2246. Thus, we find Trahan's objection meritless, as his claim depends completely on the terms of the CBA.

Trahan also seeks to evade preemption by recasting his wrongful discharge claim as a claim for retaliatory discharge. Even if we allowed Trahan to raise a retaliatory discharge claim for the first time on appeal——he did not raise such a claim in district court——he could not prevail. Like other wrongful discharge claims, a claim for retaliatory discharge is subject to preemption unless it rests on an independent state-law foundation. <u>Cf.</u> <u>Lingle</u>, 486 U.S. at 406 ("Illinois courts have recognized the tort of retaliatory discharge for filing a worker's compensation claim . . . ."); <u>Jones v. Roadway Express, Inc.</u>, 931 F.2d 1086, 1089 (5th Cir. 1991) (holding that state-law tort for retaliatory discharge that existed independently of CBA is not preempted). Trahan alleges that he was discharged in retaliation "for the

4

allegedly fraudulent submission of medical claims." Yet he fails to identify any Louisiana law, independent of the CBA, that prohibits discharge in retaliation for submitting fraudulent medical claims.[1] We therefore conclude that § 301 preempts Trahan's wrongful discharge claim.

III.

Following the June 2 interview, Trahan claimed that he was severely depressed and unable to return to work. As a participant in the BellSouth Sickness and Accident Disability Plan ("the Plan"), he began receiving disability benefits. The plan administrator terminated those benefits on August 28, 1992, however, on the ground that Trahan was not totally unable to work. In his complaint, Trahan alleged that the decision to terminate benefits was arbitrary and capricious.[2] The district court granted BellSouth's motion for summary judgment on this question.

At issue here is the admissibility of Exhibit B to the motion for summary judgment, which exhibit contained a diary report compiled by a member of the benefit administrator's staff and voluminous notes, memos, faxes, and reports pertaining to Trahan's condition. Also attached to the motion for summary judgment was an affidavit from Nancy Carlisle, BellSouth's Manager of Benefits

---

[1] The lack of any independent state-law basis for Trahan's claim is highlighted by the fact that this section of his brief fails to cite a single Louisiana case or statute.

[2] Trahan also makes this claim on appeal. We address it below.

Administration, which indicated that, except for certain documents removed by court order, Exhibit B was "the complete record of Mr. Trahan's disability claim and appeal."

We conclude that Exhibit B was properly admissible under FED. R. EVID. 803(6), which allows the admission of a "data compilation . . . if kept in the course of a regularly conducted business activity." It is the task of BellSouth's Benefits Administration to administer benefits, and "the complete record of [a] disability claim and appeal" is a data compilation "kept in the course of a regularly conducted business activity." Trahan does not argue that the record is inadmissible under rule 803, but merely asserts that the record contains hearsay prohibited by FED. R. EVID. 802. Because rule 803 expressly contains exceptions to rule 802, we find no merit in Trahan's contention.

Trahan also asserts that Exhibit B was inadmissible under FED. R. CIV. P. 56, which requires that any documents offered in support of a motion for summary judgment be sworn and certified. Caparelli v. Proceeds of Freight, 390 F. Supp. 1345, 1351 (S.D.N.Y. 1974). In this instance, BellSouth sought to submit documents on which the plan relied in administering Trahan's disability claim to show that the claim was not administered in an arbitrary and capricious manner. The authenticity of the documents was established by Nancy Carlisle's affidavit, in which which she swore that the documents were the complete record of Trahan's disability claim and appeal. The requirements of rule 56 were met.

IV.

Trahan raises two additional issues on appeal. First, he contends that the plan administrator's decision to terminate benefits was arbitrary and capricious. Second, he argues that his claims for defamation and intentional infliction of emotional distress should not have been dismissed on summary judgment. With respect to these issues, Trahan does not raise any arguments that the district court did not sufficiently address in its opinion.[3]

The judgment is AFFIRMED.

---

The district court's conclusion that the administrator did not act in an arbitrary and capricious manner is contained in the Memorandum Ruling entered on March 17, 1994. Its conclusion with respect to the defamation and intentional infliction of emotional distress claims appears in the Memorandum Ruling entered April 5, 1995, at 7-13.